Stevenson v. Yazoo & M. V. R. Co.

[74 South. 132, Division B.]

Trial. *Instructions. Degree of proof.*

In a suit for damages to plaintiff's pasture by fire started on a railroad right of way, where the defense was that the fire originated elsewhere, an instruction that if the jury was in doubt as to the origin of the fire, and could not say of a certainty which fire was the cause of the damages, they should find for the defendant, is erroneous, because it imposes on the plaintiff a greater burden of proof than the law requires.

Appeal from the circuit court of Tallahatchie county. Hon. E. D. Dinkins. Judge.

Suit by D. B. Stevenson against the Yazoo & Mississippi Valley Railroad. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Ward & Ward,* for appellant.

*Mayes, Wells May & Sanders,* for appellee.

Etheridge, J., delivered the opinion of the court.

This is an appeal by D. B. Stevenson from a judgment of the circuit court of the Second district of Tallahatchie county rendered in favor of the appellee, who was defendant below. The suit was for trespass for damage to the pasture and premises of the plaintiff caused by a fire which occurred in November, 1914. On the plaintiff's testimony, and some other witnesses introduced by him, it was shown or contended that a section crew of the railroad company set grass on fire upon the right of way of the railroad that burned over and spread to the premises of the plaintiff and burned off the grass and cane growing in his pasture doing damage to the same. It was in proof by the defendant,

and by some other witnesses both for the plaintiff and defendant, that there was fire near the complainant's premises, and that there was a general burning in the community; in other words, that the leaves and grass were burning over considerable portions of the community, and the defendant's proof showed that what burning it did on its right of way was to fight against the fire, which was raging without fault of the railroad company, and that the fire was blown across the railroad track and right of way and spread upon the defendant's premises without fault or negligence on the part of the railroad comany and its employees; in other words, there is proof in the record to support a verdict for either party if there was no error in the instructions. In this condition of the evidence the court gave instruction No. 3 for the defendant, which is complained of as error here, which reads as follows:

"The court instructs the jury for the defendant in this case that, if you believe from the testimony that on the day in question fire swept the pasture lands of plaintiff and destroyed the grass and cane on the same, came from the south and off the way lands of the defendant and was blown across the tracks by the wind, or was fire that was burning on the same side of the track on which plaintiff's lands are located and was swept by the wind down towards the plaintiff's pasture and on same, and that this fire the defendant had nothing to do with and did not originate, then it is immaterial whether fire started on defendant's right of way by section hands in protecting defendant's right of way property escaped onto the lands of plaintiff and burned same off as testified by the witnesses, because the damage the plaintiff complains of must have been due solely to fire started by defendant's employees and permitted by them to escape onto the property of plaintiff; and further the court charges you that, if you are in doubt about this proposition and cannot say of a certainty which was the cause of the damage, then it

is your duty under the law to return a verdict for the defendant.''

This instruction placed a greater degree of proof upon the plaintiff than the law requires, and constitutes reversible error. It is stronger than the instruction condemned in the case of *Gentry* v. *Gulf & Ship Island R. R. Co.,* 109 Miss., 66, 67 So. 849. In that case the instruction was in the following language:

"The court instructs the jury, for the defendant, that if they are in doubt as to whether plaintiff was injured or not in the derailment of the train, and this doubt cannot be removed by a clear preponderance of the evidence in the case, the verdict of the jury should be, 'We the jury, find for the defendant.' "

Judge COOK, speaking for the court, says:

"This instruction imposes on a plaintiff a greater burden than the law imposes on the state in a criminal trial. In a criminal trial the state must prove its case beyond all reasonable doubt. By this instruction the plaintiff must remove all doubt from the minds of the jury—and that is not all; the plaintiff must remove all doubt—'by a clear preponderance of the evidence.' The plaintiff must establish his right to recover by a preponderance of the evidence. Whenever the jury is satisfied that the plaintiff has proven his case, the plaintiff is entitled to recover. The law imposes on the plaintiff no burden to remove all doubts from the minds of the jury."

The instruction in this case not only requires all doubts to be overcome by the plaintiff by a preponderance of the testimony, but by it the jury must say "of a certainty" which kind of fire caused the damage.

But for this erroneous instruction the case would have been affirmed, but the giving of it is reversible error, and the cause is therefore reversed and remanded.

*Reversed and remanded.*