Richland Planting Co. *v.* Yazoo & M. V. R. Co.

[74 South. 126, Division A.]

1. Railroads. *Operation. Setting fires. Evidence. Sufficiency.*
   Where in a suit by a property owner for damages to buildings by
   fire set by a locomotive of the railroad, a case is made out for
   the plaintiff so conclusively by circumstantial evidence that it
   amounts to positive, direct proof, and there was no efficient
   cause of the fire present except the engine and the burning sparks
   thrown therefrom, a verdict for the defendant should not be
   allowed to stand.

2. Railroad. *Operation. Setting fires. Liability. Statute.*
   Chapter 151, Laws 1912, establishing the liability of railroads for
   losses caused by fire thrown from their engines, is a rule of lia-
   bility, and where it is shown that the fire was caused by sparks
   thrown from an engine, the railroad becomes liable for the loss,
   regardless of whether it was negligent.

Appeal from the circuit court of Warren county.
Hon. E. L. Brien, Judge.

Suit by Richland Planting Company against the Yazoo
& Mississippi Valley Railroad Company. From a judg-
ment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Green & Green* and *N. Vick Robbins,* for appellant.

*Barbour & Henry* and *Mayes, Wells May & Sanders,* for
appellee.

Holden, J., delivered the opinion of the court.

The Richland Planting Company, appellant, brought
this suit against the Yazoo & Mississippi Valley Railroad
Company, appellee, to recover damages sustained by it
for the destruction by fire of a barn upon its plantation,
claiming that the appellee railroad, while operating one of
its north-bound engines and freight trains on February
17, 1914, negligently threw sparks from its engine and set

fire to the roof of the storehouse occupied by W. E. Davidson immediately east of the right of way of appellee and from which building, so set on fire, the fire was communicated by sparks and embers to appellant's barn and destroyed it. There was a jury verdict, and judgment, in favor of the railroad company, from which judgment the Richland Planting Company appeals here. The appellant assigns a large number of errors of the lower court, but we consider it necessary to notice but one of them, and that is whether or not the lower court erred in overruling the appellant's motion for a new trial on the ground that the verdict of the jury was contrary to the great weight of evidence in the case.

It appears from the record that the plaintiff in the court below proved by several reliable eyewitnesses that the appellee's engine, when it passed close by the building which was set on fire, was throwing burning sparks, with the aid of a strong wind, on the building in question, and that it threw the burning sparks and cinders not only on the roof of the building that was ignited, but that the burning sparks were thrown even seventy feet beyond the roof of this building and fell upon the bare neck of one of the witnesses, a lady, burning her to the extent of causing her to retire into her house for relief. The witnesses present at the time stated positively that there was no fire in the stoves or in or about the building at the time and there had been none for several hours; that when they first discovered the fire on the roof of the store building it was on the south side near the top at a place that was exposed to the burning sparks that had been thrown from the passing engine and which fell on the roof and also fell as far as seventy feet beyond the roof. The testimony of these witnesses shows that the strong wind coming from the southwest caused the fire to spread rapidly on the roof and blew the smoke and fire in a northerly direction in and through the roof between the ceiling and the shingles. It is further shown beyond dispute, and practically conceded to be a fact, that burning shingles from

this storehouse were blown onto the barn in question, set it afire, and destroyed it.

The appellee railroad company introduced the testimony of the engineer and conductor of the train, who had, after passing the store building with their engine and train, stopped four hundred or five hundred feet north of the building to do some switching, and they discovered the fire on the roof of the store building some twenty or thirty minutes after they had passed the building and while switching that distance away north of it. The only testimony of these witnesses, that tends to substantially dispute or contradict the testimony of the witnesses of the appellant as to how and where the fire first started on the store building, is the testimony of Conductor Campbell, who testified that when he first noticed the fire the smoke was coming out of the roof on the north side of the building, and that when he got down to the building some twenty miutes after the fire had started he did not observe any fire on the south side of the building, but that it was on the north side near the top of the roof. However, he does not state positively that there was no fire on the south side of the roof near the top of the building, at which place the other witnesses stated the fire had started. The smoke that he saw coming through the shingles of the roof on the north side of the building was evidently blown through by the strong wind from the south, indicating clearly from his testimony that the fire started near the top of the roof on the south side as testified to by all of the other witnesses in the case. We think it doubtful as to whether or not the testimony of this witness is sufficient to raise a material conflict in the evidence. It does not seem to rise to the dignity of substantial proof in conflict with the proof offered by the appellant as to how, when, and where the fire started.

From a careful reading and consideration of all the testimony introduced in this case, it clearly appears to us that the verdict of the jury was unsupported by the testimony, was contrary to the great weight of evidence, and is

manifestly wrong. The proof shows conclusively, and is not materially disputed, that the engine threw the burning sparks upon the roof of the building, and that a few minutes thereafter the roof was seen on fire on the outside near the top, where the witnesses say the burning sparks had been falling. There was no source or cause from which the fire could have come except the locomotive. There were no fires in or about the building, and there had been none from which the building could have been set on fire for several hours before that time. The blaze could not have started from a smouldering fire in the ceiling, sometimes caused by defective flues, because the proof shows that the fire here started on the outside of the roof, and must have come from an outside source; and the positive proof is that there was no other outside source from it could have come but the engine which, it is shown, was which it could have come but the engine which, it is shown, was throwing burning sparks over and on the roof and for quite a distance even beyond the building. Nobody disputes the fact that a strong wind was blowing directly from the engine to the roof of the building and blew burning sparks upon the roof of the building. It seems to be a case made out so conclusively by circumstantial proof that it amounts to positive, direct proof of an actual fact. There was no efficient cause of the fire present except the engine and the burning sparks thrown therefrom. We notice in the testimony of the engineer he admits that his engine would throw burning sparks. He says that an engine that does not throw small burning sparks will not generate steam, and would be a useless locomotive. There can be no question about the engine on this occasion throwing burning sparks, as the appellee's witnesses admit it, and the plaintiff's witnesses testified that they saw and felt them.

Chapter 151 of the Laws of 1912, establishing the liability of railroads for losses caused by fire thrown from their engines, is a rule of liability, and, where it is shown that a fire was caused by sparks thrown from an engine, the

railroad becomes liable for the loss, regardless of whether it was negligent.

In view of the above conclusions, we hold that the verdict and judgment of the lower court is contrary to the overwhelming weight of the evidence, and is manifestly wrong, and should have been set aside by the lower court, and for this error the judgment is reversed, and the case remanded.

*Reversed and remanded.*