## MARDIS *v.* YAZOO & M. V. R. Co.

### [76 South. 640, Division A.]

1. APPEAL AND ERROR. *Scope of review. Conflicting evidence.*

   Where there is a distinct conflict in the evidence which might well
   have been resolved either way, the verdict of a jury will not be
   disturbed on appeal, unless the jury were improperly instructed
   as to the law of the case.

2. TRIAL. *Instructions. Preponderance of evidence.*

   Where in a suit by a property owner for damages by fire alleged
   to have been caused by sparks from defendant's locomotives,
   the evidence would have warranted a finding for either party, it
   was error for the court to instruct the jury to find for the de-
   fendant, if the evidence left them in doubt and uncertain as to
   the cause of the fire, or whether the fire was caused by defendant's
   locomotive or some other person.

APPEAL from the circuit court of Jefferson county.
HON. R. E. JACKSON, Judge.

Suit by C. M. Mardis against the Yazoo & Mississippi
Valley Railroad Company. From a judgment for defend-
ant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Ernest E. Brown,* for appellant.

The lower court committed reversible error in giving
instructions Nos. 1 and 3 for defendants. These instruc-
tions read as follows: "No. 1. The court instructs the
jury that if the evidence leaves them in doubt and uncer-
tain as to how the fire started, they should find for the de-
fendant." "No. 3. The court instructs the jury for the
defendant that if the evidence leaves them in doubt and
uncertain as to whether the fire was caused by the locomo-
tive of defendant or by some other accident or by some
other setting fire to the store, they must find for defend-
ant."

We submit the above instructions imposed upon the plaintiff too great a burden, required him to remove all doubt from the minds of the jury as to the origin or cause of the fire that destroyed plaintiff's property, and constitute reversible error according to two well-considered and very recent decisions of this learned court, to wit: *Gentry v. Gulf & Ship Island R. Co.,* 109 Miss. 66, 67 So. 849, and *Stevenson* v. *Y. & M. V. R. R. Co.,* 112 Miss. 899, 74 So. 132.

In *Gentry* v. *Gulf & Ship Island R. R. Co.,* 109 Miss. 66, the following instruction was given: ''The court instructs the jury for the defendant that if they are in doubt as to whether plaintiff was injured or not in the derailment of the train, and this doubt cannot be removed by a clear preponderance of the evidence in the case, the verdict of the jury should be 'we the jury find for the defendant.' ''

Justice COOK in delivering the opinion of the court said: ''This instruction imposes on a plaintiff a greater burden than the law imposes on the state in a criminal trial. In a criminal trial the state must prove its case beyond all reasonable doubt. By this instruction the plaintiff must remove all doubt from the minds of the jury and that is not all; the plaintiff must remove all doubt, 'by a clear preponderance of the evidence.'' The plaintiff must establish his right to recovery by a preponderance of the evidence. Whenever the jury is satisfied that the plaintiff has proven his case, the plaintiff is entitled to recover. The law imposes on the plaintiff no burden to remove all doubts from the minds of the jury.'' In *Stevenson* v. *Y. & M. V. R. R. Co.,* 112 Miss. 899, the issue was whether the railroad locomotive or some other agency started the fire that damaged plaintiff, and the court instructed the jury ''if you are in doubt about this proposition and cannot say of a certainty which was the cause of the damage, then it is your duty under the law to return a verdict for the defendant.'' Justice ETHRIDGE in delivering the opinion of the court very forcibly and properly said: ''This instruction placed a greater degree of proof upon the plaintiff than the law requires, and constitutes reversible error. It

is stronger than the instruction condemned in the case of *Gentry* v. *Gulf & Ship Island R. R. Co.,* 109 Miss. 66, 67 So. 849. The instruction in this case not only requires all doubts to be overcome by the plaintiff by a preponderance of the testimony, but by it the jury must say 'of a certainty' which kind of fire caused the damage. But for this erroneous instruction the case would have been affirmed, but the giving of it is reversible error, and the cause is therefore reversed and remanded.''

Instructions Nos. 1 and 3 for defendant in the instant case required plaintiff to remove all doubt and uncertainty from minds of the jury that defendant's locomotive fired plaintiff's property and that no other agency could have caused the fire, or in other words the instructions placed upon plaintiff the burden of proving to a certainty that defendant's engine set out the fire, just as did the above instruction in *Stevenson* v. *Y. & M. V. R. R. Co.,* which Justice ETHRIDGE properly held constituted reversible error. We confidently contend that for the errors pointed out, this case should be reversed and remanded, so plaintiff's claim may be submitted to a jury of his peers upon legal and competent evidence and instructions and free of the irrelevant and incompetent testimony that aroused the prejudice naturally of the jury against defendant in the trial.

*Mayes, Wells, May & Sanders,* for appellee.

Since the issue as to the liability of the defendant for the result of the fire was submitted to and determined by the jury solely upon circumstantial evidence and upon conflicting testimony, this court should not disturb their verdict. It is well to consider all of the facts and circumstances in evidence. In the case of *Wood* v. *Gibbs,* 35 Miss. 559, this court speaking through HANDY, J., used the following language:

"As to the sufficiency of the evidence to sustain the verdict upon the material questions in controversy, the case is one showing conflicting testimony, and depending much

upon the weight to be given to the statements of the respective witness, and upon inferences which might be drawn from the facts proved, and from the conduct of the parties. Such cases are peculiarly within the province of the jury, and verdicts should not be disturbed in them, but for clear and manifest error in the ruling of the court."

The finding of the jury for the defendant upon the question of liability for the fire, being a question of fact, and supported by sufficient evidence, should not be disturbed by the court. If a verdict is supported by evidence, and the court cannot say the jury was unwarranted in reaching its conclusion, it will not be disturbed, although a finding for the opposite party would have been more satisfactory to the court. *Yazoo, etc., R. Co.* v. *Williams,* 67 Miss. 18; *K. C., etc., R. Co.* v. *Cantrell,* 70 Miss.. 329; *Moffett* v. *Robinson,* 2 Miss. Dec. 704; *Woodson et al.* v. *Owens,* 12 So. 207; *Terry* v. *State,* 12 So. 544; *Dickson* v. *Parker,* 3 H. (Miss.) 219; *Lea* v. *Guice,* 13 S. & M. (Miss.) 656; *Wane* v. *Kirkman,* 13 S. & M. (Miss.) 599; *Prewitt* v. *Coopwood,* 30 Miss. 369.

Where the evidence is entirely circumstantial, as it was in the case at bar, the verdict will not be set aside unless manifestly wrong. *Holton* v. *Adcock,* 27 Miss..758; *I. C. R. R. Co.* v. *Schultz,* 87 Miss. 321; *Watson* v. *Dickens,* 12 S. & M. (Miss.) 608; *Kelley* v. *Miller,* 39 Miss. 17.

In view of the purely circumstantial evidence submitted by the plaintiff in the court below to establish the origin of the fire, and to fix responsibility upon the defendant for its occurrance, and the conflicting testimony upon this vital point, we submit that the verdict of the jury on the facts in favor of the defendant should not be disturbed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Jefferson county, in which court the plaintiff below, appellant here, sued the defendant Railroad Com-

pany for damages on account of causing his storehouse and contents to be destroyed by fire thrown from its locomotive No. 37 on January 21, 1915. There was a jury verdict, and judgment for the defendant railroad company in the lower court, from which judgment this appeal is prosecuted here.

Briefly stated, the facts shown in the lower court were as follows: Appellant, Mardis, plaintiff below, owned the storehouse at Stampley, Miss., which was situated near the right of way of defendant railroad company, about fifty feet from the track, and the store contained a stock of goods. In the early morning, January 21, 1915, between one and two o'clock, shortly after engine 37 had passed, it was discovered that this storehouse was on fire, it appearing that the fire started at the front end of the store, burning rapidly and totally destroying it. At the trial in the lower court the plaintiff introduced several witnesses, who testified that they lived near the railroad track and that they had, a few days before the fire occurred, noticed and observed that engine No. 37, the one which is supposed to have set out the fire, was frequently throwing fire and burning cinders, of large size, from its smokestack along the right of way as it passed on several occasions.. One witness for the plaintiff testified that he was at Stampley on the night of the fire, and that while he was standing close to the railroad crossing at Stampley near the store that was burned, about thirty minutes before the store was seen on fire, he noticed engine No. 37 pass through Stampley, throwing large sparks and lumps of fire as large as his finger from the smokestack, and that the wind was blowing strong from the direction of the engine toward the store building at the time the said engine No. 37 was passing by the store building, which was seen on fire about thirty minutes thereafter. The building and gallery were covered with galvanized iron, but was otherwise exposed to fire, as appears in the testimony.

The defendant railroad company introduced several witnesses who testified that the spark arrester, or netting,

in the front of engine No. 37 was in good condition, and
that large sparks could not be emitted from the engine
through this netting. The engineer testified that his en-
gine 37 on the night of the fire passed through Stampley
and by the store about thirty minutes before it burned,
and that his engine was not throwing sparks and burning
cinders from the smokestack, but that the engine was in
good condition and was not throwing sparks then nor at
any time previous to that date; that he was working a
"light throttle" through Stampley thirty minutes before
the store was burned, and that sparks of any appreciable
size cannot be thrown from an engine when working a
light throttle as he was working on that occasion. The
conductor corroborated in part the testimony of the en-
gineer in so far as he could do so of his own knowledge.

With this sharp conflict in the testimony submitted to
the jury by both sides, the jury returned a verdict in favor
of the railroad company; and it is urged here by the ap-
pellant that the judgment of the lower court should be re-
versed for several reasons, but we will discuss only two
of the grounds assigned:

First.  The appellant contends that the verdict was
contrary to the great weight of evidence in the case, and
that the facts and circumstances of the fire shown by the
plaintiff's testimony were so overwhelming and conclu-
sive in favor of the plaintiff that the verdict of the jury is
contrary to the evidence in the case. Counsel for appel-
lant cite as authority for this proposition the case of
*Richland Planting Co.* v. *Y. & M. V. R. R. Co.,* 113 Miss.
154, 74 So. 126. We cannot agree with the contention of
counsel for appellant that the case cited is in point here,
for the reason that the facts in the two cases are very
much different. The testimony in the Richland Planting
Case was wholly one-sided for the plaintiff, and was prac-
tically undisputed, and nearly amounted to conclusive-
ness, while in the case before us now the testimony seems
to be fairly well divided and in sharp conflict, and the
jury could have very well decided the issue of fact either
way without being subjected to criticism; therefore we

would not disturb the finding of fact of the jury in this case, if there was no other reversible error in it.

Second. The appellant contends that the judgment of the lower court should be reversed on account of the grant of two erroneous instructions to appellee, which are No. 1 and No. 3, and read as follows:

"No. 1. The court instructs the jury that if the evidence leaves them in doubt and uncertain as to how the fire started, they should find for the defendant."

"No. 3. The court instructs the jury for the defendant that if the evidence leaves them in doubt and uncertain as to whether the fire was caused by the locomotive of defendant or by some other accident or by some other setting fire to the store, they must find for defendant."

That these instructions are obviously erroneous there can be no doubt. There being a sharp conflict in the testimony, and it appearing that the testimony was such as easily to warrant the jury in finding that the store building was or was not set on fire by the locomotive, the instructions were damaging to appellant. These two erroneous instructions, telling the jury "that if the evidence leaves them in doubt and uncertain as to how the fire started they would find for the defendant," must have been prejudicial and harmful to the rights of the plaintiff below. This form of instruction has been repeatedly condemned as erroneous by this court in recent cases, and granting it in this case was manifest and reversible error. *Gentry* v. *Gulf & Ship Island R. R. Co.,* 109 Miss. 66, 67 So. 849; *Stevenson* v. *Yazoo & M. V. R. R. Co.,* 112 Miss. 899, 74 So. 132. We observe from the record that no other instructions were given by the court which in any way cured the error in instructions Nos. 1 and 3 given to and used by the railroad company in the trial below. For the error mentioned, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*