PATTERSON *v.* STATE.*

(Division B.  Nov. 8, 1926.)

[110 So. 208.  No. 25990.]

CRIMINAL LAW.  *Where state's only evidence was finding goods in possession of defendant, who disclaimed knowledge that prior to search goods were in his house, instruction that, if possession was not satisfactorily explained, jury could convict was error, as accused need only raise reasonable doubt of guilt.*

In a prosecution for receiving stolen goods known to have been stolen, where the only evidence for the state is the mere fact that the goods were found in possession of the defendant, and the defendant disclaimed knowledge that prior to the search the goods were in his house, it is error to instruct for the state that

if the goods were found in his possession, and that circumstance is not satisfactorily explained by the evidence, the jury is authorized to convict on such evidence of possession. This imposes too great a burden upon the defendant. All that is required is that he raise a reasonable doubt upon the question.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 778, n. 96.

APPEAL from circuit court of Prentiss county.
HON. C. P. LONG, Judge.
John Patterson was convicted of receiving stolen goods, and he appeals. Reversed and remanded.

*Friday & Windham,* for appellant.

The instruction given for the state was erroneous. In *Sartorious* v. *State,* 1 Morris State Cases 624, 24 Miss. 602, an instruction embodying the same principle under discussion here, was given. For other cases in point, see *Huggins* v. *People,* 135 Ill. 243, 25 A. S. R. 357; *Cooper* v. *State,* 29 Tex. App. 8, 25 A. S. R. 712; *Castlebury* v. *State,* 35 Tex. Crim. Rep. 382, 60 A. S. R. 53; 2 Bishop's Crim. Pro., section 909; *Durant* v. *People,* 13 Mich. 351-353.

We submit that the evidence in the Castlebury case is much stronger than the evidence in the case at bar. In the former, the state proved that the accused actually received the property, and this was admitted by the accused. In the instant case, the state did not attempt to prove that appellant had any knowledge whatever of the property's being stored at his home. The state merely relied upon presumptions.

Besides being an erroneous statement of the law as to the presumption that would arise from the possession of recently stolen property, this instruction is erroneous for the reason that it ignores all the testimony given except that dealing with the possession of the property. It is an instruction on the weight of the evidence and in effect

tells the jury that regardless of the evidence and circumstances dealing with the theft and reception of the property, if the *possession* is not satisfactorily explained, they will be warranted in returning a verdict of guilty. This instruction asks for a conviction even though the jury might believe from the evidence that the appellant himself stole the property. The instruction would be applicable only in a trial for larceny.

*W. A. Scott, Jr.,* Special Agent, for the state.

It is undisputed that the finding of stolen goods shortly after the theft in the absence of a satisfactory explanation, raises the presumption that the person in whose possession they were found is guilty of larceny. *Jones* v. *State,* 30 Miss. 653; *Jones* y. *State,* 26 Miss. 247; *Davis* v. *State,* 50 Miss. 87; *Jones* v. *State,* 51 Miss. 718; *Foster* v. *State,* 52 Miss. 696; *Stokes* v. *State,* 58 Miss. 673 (a leading case on the subject); *Matthews* v. *State,* 61 Miss. 155; *Harper* v. *State,* 71 Miss. 202; *Harris* v. *State,* 71 Miss. 155; *Snowden* v. *State,* 62 Miss. 100.

The finding of stolen goods shortly after the theft also raises a presumption that the person in whose possession they were found is guilty of receiving stolen property provided the evidence showed that the defendant did not himself do the stealing. *State* v. *Ozias,* 113 N. W. 761, 136 Iowa, 175; *Goldstein* v. *People,* 82 N. Y. 231; *People* v. *Weldon,* 111 N. Y. 569, 19 N. E. 279; *State* v. *Guild,* 149 Mo. 370, 50 S. W. 909, 73 A. S. R. 395; *Boyd* v. *State,* 43 So. 304, 150 Ala. 101; *Fulton* v. *State,* 62 So. 959; *Williams* v. *State,* 85 N. E. 973.

In *Davis* v. *State,* 50 Miss. 87, the court fully discussed the question of presumptive guilt from the possession of recently stolen goods. The instruction complained of is not materially different from those instructions given in larceny cases. *Snowden* v. *State,* 62 Miss. 100; *Stokes* v. *State,* 58 Miss. 677.

It seems, therefore, that the rule of law on this subject is that the finding of recently stolen goods in the possession of the defendant and in the absence of a satisfactory explanation, raises either of two presumptions: (1)  That the defendant is guilty of larceny; (2) that the defendant is guilty of receiving stolen property. It would seem that to make this presumption effective in either of the above cases one of the cases would have to be negatived by the testimony.

The instruction given by the court and here complained of by the appellant was not in effect a peremptory instruction. It merely told the jury that the fact that stolen goods were found in the home of the defendant raised a presumption that was strongly indicative of guilt unless the defendant gave a satisfactory explanation. Both of these facts were properly submitted to the jury and the jury evidently found that the defendant's explanation was not satisfactory. This presumption is not enough to warrant the finding of the jury. See exhaustive case notes in 15 Am. & Eng. Ann. Cases, p. 899, and 101 A. S. R. 481.

The appellant cites the case of *Sartorious* v. *State*, 24 Miss. 602. The court there condemned an instruction on the ground that the presumption which would arise in such a case would be that the defendant stole the goods and not that he was guilty of receiving them. But it is admitted in this case that under some circumstances the presumption would arise that the defendant received the stolen goods and was not guilty of larceny.

In view of the last cited case and the others cited herein, we submit this case for the consideration of the court.

*Friday & Windham,* in reply, for appellant.

The attorney-general in his brief says: ''The finding of stolen goods shortly after the theft also raises a presumption that the person in whose possession they were

found is guilty of receiving stolen property provided the evidence showed that the defendant did not himself do the stealing.'' After a careful study of the cases cited we are unable to agree with the conclusion reached by opposing counsel. We think it clear that none of these cases support this contention that the finding of stolen property raises the presumption that the possessor received it knowing it to have been stolen.

In order to raise the presumption that the person in whose possession stolen goods are found received them knowing them to have been stolen, we think the authorities are agreed that the proof must show that other parties stole the property; that accused received it from other parties under suspicious circumstances; that the possession was recent; that it was personal, unexplained and involved a distinct and conscious assertion of property by the defendant. See Wharton's Crim. Ev. (10 Ed.), sec. 578. Now, does the evidence in this case meet these demands? We do not think so.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted for receiving stolen goods from named persons, knowing them to have been stolen, the goods being described in the indictment, and the ownership properly alleged, and was placed upon trial therefor. The state proved that the goods were stolen. After the theft of the goods, a search warrant was sued out, the defendant's home was searched, and the stolen goods found therein, which was the only evidence on the part of the state to connect the appellant with the crime charged against him. On cross-examination of one of the witnesses for the state the defendant's attorney asked the following question:

''State whether or not he denied having any knowledge of the property being there. (Objected to. Sustained. Exception.)''

The defendant testified in his own behalf, and denied having any knowledge of the goods being in his house or possession prior to the time of the search. He testified that two boys, who were the parties to the indictment alleged stole the goods, spent the night in his home; that it was customary for them to spend the night there occasionally, as one of the boys was related to his (the appellant's) wife; that sometimes the appellant would not get up| when they came after he retired, but that they would wake him up, and a lot of times he would go right back to sleep; that sometimes the boys would go to bed right off, and sometimes they would remain up for some time; that on the morning after they spent the night on the said occasion, after breakfast, he went away to Booneville. He was asked the following questions:

"Q. Do you know whether or not they put that property in that loft that night? A. I don't think they did.

"Q| Tell what you know about it. A. Well, they come in there. I don't think they sat up long that night. I don't think they did. They went in to bed pretty soon when they come in there, I think. They were in there so much I didn't pay much attention to it. They would come in there when we were not at home and stay all night, and when we were at home and stay all night.

"Q. Now, since that property was put in there, John, have those boys ever told you who put that property up there? (Objection. Sustained. Exception.)

"Q. Did you have a conversation with Lee Davis and Herman Duncan about when they put it up there? (Objection. Sustained. Exception.)

"Q. Do you know whether or not Herman Duncan and Lee Davis ever pleaded guilty to stealing that property? (Objection. Sustained. Exceptions.)"

Among other instructions given for the state was the following:

"The court charges the jury for the state that, if you believe from the evidence beyond a reasonable doubt that certain goods, the property of Martin Franks, and of the value of twenty-five dollars or more, were feloniously stolen, and that these goods a short time thereafter were found in the possession of the defendant, and that such possession is not satisfactorily explained by the evidence, then this is a circumstance strongly indicative of the guilt of the defendant, and creates an inference or presumption which would authorize and warrant the jury in finding the defendant guilty as charged in the indictment."

This instruction is assigned for error.

The defendant requested, and was refused, the following instruction:

"The court instructs the jury for the defendant that the finding of the stolen property at the home of defendant raises no presumption of guilt against him, but that, in spite of the finding of the stolen property at the home of defendant, the law still presumes him to be innocent of the crime charged against him, and the burden is still on the state to prove beyond every reasonable doubt, and to a moral certainty, that the defendant is guilty as charged, and if, after considering the evidence for both the state and the defendant, there arises in your minds a reasonable probability that the defendant is innocent, then there is a reasonable doubt as to his guilt, and under your oaths you must return a verdict of not guilty."

The defendant did not get an instruction that explained to the jury that all that the defendant had to do when stolen goods were found in his possession was to give a reasonable explanation of such possession, and if such reasonable explanation raised a reasonable doubt as to his guilt, that he was entitled to an acquittal.

It will be noted from the statement of facts that the only proof the state had to show guilt was the finding

of the goods in his house, under the circumstances stated, and that he denied on the witness stand his knowledge of the goods being in his house prior to their being found by the search warrant. We think the instruction given the state places too great a burden upon the defendant that all that was required was that the jury entertain a reasonable doubt as to his guilt. In other words, the defendant was only under the duty of giving a reasonable explanation—not one entirely satisfactory to the jury. In 8 Enc. of Evidence, at page 113, the rule is stated as follows:

"But the explanation need not be satisfactory; that is requiring too high a degree of proof from the accused. It is only necessary for him to raise a reasonable doubt that he came by the property as charged; and an instruction requiring him to overcome the presumption arising from such possession by a preponderance of evidence is erroneous."

In the case of *Y. & M. V. R. Co.* v. *Messina,* 109 Miss. 143, 67 So. 963, the court, construing an instruction in a case involving an action for injuries caused by the derailment of a railroad train being run at an excessive rate of speed, held that an instruction to find for the plaintiff, if all the evidence left it doubtful as to whether defendant had met the burden placed on it by the *prima-facie* evidence statute (Code 1906, section 1985, Hemingway's Code, section 1645), was erroneous, as placing on defendant a greater burden than the law required it to sustain. In the opinion the court said:

"The instruction based upon the statute was a little too stout in some particulars, one of which is that the jury should not have been told, 'if all the evidence leaves it doubtful,' as to whether the defendant has not met the burden. As recently pointed out by this court in *Gentry* v. *Gulf & Ship Island R. Co.* [109 Miss. 66.] 67 So. 849, this language places a greater burden upon the defendant than the law requires it to sustain. In order

144 Miss.—27.

to meet the *prima-facie* case made by the proof that the injury was inflicted by a running train, it is not necessary for the defendant to do more than to disclose the facts, and if this is done the liability of defendant depends upon the facts and not upon the statutory presumption.''

In the *Gentry case, supra,* it was said:

''Several of the instructions given at defendant's request should not have been given. As a sample, we quote the fifth instruction, viz.: 'The court instructs the jury, for the defendant, that if they are in doubt as to whether plaintiff was injured or not in the derailment of the train, and this doubt cannot be removed by a clear preponderance of the evidence in the case, the verdict of the jury should be, ''We, the jury, find for the defendant.'' '

''This instruction imposes on a plaintiff a greater burden than the law imposes on the state in a criminal trial. In a criminal trial the state must prove its case beyond all reasonable doubt. By this instruction the plaintiff must remove all doubt from the minds of the jury—and that is not all; the plaintiff must . . . establish his right to recover by a preponderance of the evidence. Whenever the jury is satisfied that the plaintiff has proven his case, the plaintiff is entitled to recover. The law imposes on the plaintiff no burden to remove all doubts from the minds of the jury.''

In *Foster* v. *State,* 52 Miss. 695, at page 702, the court discusses the sufficiency of evidence and what is to be considered in determining this question as applies to the possession of stolen goods, and says:

''It is always a question for the jury, applying to the solution of the problem the common experiences and observations of life, whether they are satisfied, from all the attending circumstances and other facts in evidence; that the possession was honest or felonious. The conduct of the accused at the time he was found in posses-

sion, his explanation of how he came by it, his subsequent conduct, his good character, are legitimate subjects of proof, and will seldom fail to enable the jury to draw a proper deduction and conclusion. That such a rule has so long existed in the law is persuasive of its necessity and propriety.''

The instruction complained of placed too high a burden upon the defendant. We should not in every case reverse for a giving of this instruction if the evidence was overwhelming, and if we were satisfied that the jury would not, or could not, reach a reasonable conclusion other than guilt; but in a case like this, where the sole proof on the part of the state is the mere possession of the goods recently stolen, and this is balanced by the defendant's oath that he did not know the goods were in his house prior to the time they were found there, makes a weak case on the facts. This is especially true where the court refused to permit the question as to what statement the defendant made to the officers when the goods were found, which he was clearly entitled to have go to the jury as a part of the evidence in the case. We cannot, of course, see whether his statement was a reasonable explanation, or whether it was sufficient to overcome the presumption flowing from the possession, and this rejection of this evidence is not assigned for error here. It, however, shows the slender thread upon which the conviction rests. The record is not sufficient on the other assignment of the rejection of the evidence as to statements made to the defendant by the persons who stole the property. It would seem that the defendant would be entitled to show by his own evidence when he first knew of the property being in his house, and would be entitled to show his conduct after learning of such property being in the house, if he showed an effort of reasonable character to find out how came the property there. However, we do not decide this question now, as on a new trial the facts may be more fully established.

The instruction requested by the defendant to counteract the instruction given for the state above referred to was inaccurate, and was therefore properly refused, as the giving of that instruction would entirely destroy the force of the presumption of guilt flowing from unexplained recent possession. The giving of the instruction for the state in this case is prejudicial error, for which the judgment of the lower court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*