ILLINOIS CENTRAL RAILROAD CO. *v.* W. R. LANGDON.

1. CARRIERS. *Injury to shipment. Evidence. Account of sale.*

    On the trial of an action by the shipper against a carrier for damages to a shipment of cattle, accounts of sales of the cattle made out by a stranger to the suit, and not sworn to, are mere hearsay, and are not competent evidence.

2. SAME. *Contract of carriage. Evidence of value.*

    In such case, a verdict against the carrier, unsupported by any evidence of value of the cattle at the place of shipment, will be set aside, where the contract of carriage stipulates that such value shall govern in the settlement of damages.

FROM the circuit court of the second district of Yalobusha county.

HON. EUGENE JOHNSON, Judge.

This is an action by W. R. Langdon against the Illinois Central Railroad Company for injury to a shipment of cattle made by him from Water Valley, Miss., to New Orleans, La. On the trial, the plaintiff, over defendant's objection, introduced in evidence the accounts of sales of the cattle in New Orleans, and this is assigned for error. A further statement of facts is found in the opinion. There was a verdict for plaintiff; motion for new trial overruled, and defendant appeals.

*Mayes & Harris*, for appellant.

The court should have given a peremptory instruction for the defendant. There was not sufficient proof of negligence. The accounts of sales were clearly incompetent in any view. There was no proof that the cattle sold at fair market prices. Besides, there was no proof of what the cattle were worth in Water Valley at the time of shipment.

*A. B. Fly, Sr.*, for appellee.

The verdict is fully supported by the evidence, and should not be disturbed. The question of negligence was fairly submitted to the jury. *Yazoo & Miss. Valley R. R. Co.* v. *Williams*, 67 Miss., 18.

WOODS, J., delivered the opinion of the court.

The second assignment of error is well taken. The account of sales of the two car-loads of cattle, admitted over appellant's objection, were incompetent. They were mere hearsay—the unsworn statements of an unknown person.

The fourth assignment is also maintainable. The verdict was not supported by proper evidence. It was found without evidence at all on a material point involved in the issue made up between the parties. By the terms of the contract of carriage between the parties, it is agreed that "should damage occur for which the company may be liable, the value at place and date of shipment shall govern the settlement," etc. We have looked in vain to find any evidence showing the jury what the value of the cattle was " at the place and date of shipment."

It may be proper to add that the instructions, in which the jury was informed that only gross negligence would impose liability upon the railroad company, were incorrect; but these too favorable charges for the appellant were of no avail with the jury in a case where it is doubtful if there was even negligence in the transportation of the cattle.

*Reversed and remanded.*