LUDERBACH PLUMBING Co. *v.* STEIN.

[74 South. 327, Division B.]

1. ACTION ON ACCOUNT. *Failure of proof as to part of account.*

In a suit for an unpaid plumbing bill and for labor and material furnished in the installation of electrical fixtures, an instruction for the defendant that "the burden of proof is upon the plaintiff to establish his case by a preponderance of the evidence, and that if he fails to establish his cause by a preponderance of the evidence as to any part of the account, it is your duty to find for the defendant," was fatally erroneous and cannot be harmonized with the other instructions given by the court.

2. CONTRACTS. *Illegality. Prostitution.*

A plumbing company which did work and labor and furnished material in the installation of electrical fixtures in a house run

by a party ordering such work and material as a house of ill fame, is not debarred of recovery on account of the character of such house or its occupants.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Suit by the Luderbach Plumbing Company against Nellie Stein. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Robert Powell,* for appellant.

In this case the different items on the account were disputed and each item under the evidence stood upon its own footing, if any of the items were correct we are certainly entitled to the amount of such items.

Under this state of facts the court gave the following instruction marked No. 4 for the defendant: No. 4. The court instructs the jury for the defendant that the burden of proof is upon the plaintiff, Luderbach, to establish his case by a preponderance of the evidence, and that if he fails to establish his case by a preponderance of the evidence, as to any part of the account, it is your duty to find for the defendant. Given.

The court will readily see that the granting of this instruction amounts to a peremptory instruction for the defendant, since the appellant in his evidence admitted that the account instead of being one hundred and ninety-two dollars, should have been one hundred and seventy-five dollars and was not correct as to several items.

This instruction declares to the jury in effect, that notwithstanding the larger part of our account may have been correct and unpaid yet if we failed to establish by a preponderance of the evidence any part of the account, it was their duty to find for the defendant as a whole.

This is so patently erroneous that we will not insult the intelligence of the court by a further discussion of it for even though we may have failed to establish one item

of the account, this did not prevent us from getting judgment for the rest.

The appellee claims that this instruction is cured by other correct instructions in the case. We refer the court to some of our own decisions on this point.

"When an erroneous instruction is given, the error is not corrected by the giving of another, setting out a rule in direct conflict with the rule stated in the erroneous instruction; the contradiction between the two leaves the jury without any safe guide and is of itself improper." *House* v. *Fultz* (1849), 13 S. & M. 39; *Herndon* v. *Henderson* (1868), 41 Miss. 584. It is improper to give contradictory charges to the jury. *Mississippi Cent. R. Co.* v. *Miller* (1866), 40 Miss. 45; *Illinois Cent. R. Co.* v. *McGowan* (1908), 92 Miss. 603, 46 So. 55.

(1877) "Where the evidence is conflicting, it is essentially important that there should be no conflict in the instructions. *Chapman* v. *Copeland,* 55 Miss. 476."

In reply to appellee's contention that we cannot recover because she was keeping a house of ill fame we quote the following authorities: In the well-analyzed case of *Anheuser Busch Brewing Assn.* v. *Mason,* 44 Minn. 321, a recovery was allowed to a liquor dealer for beer sold to the keeper of a house of ill fame even though the seller knew that it was to be used in the brothel by the inmates, the seller doing nothing to aid the unlawful business. In the case of *Tracey* v. *Talmage,* 14 N. Y. 175, 67 Am. Dec. 139, where a banking company bought bonds to be used in illegal transactions, the vendor could recover even though he knew of the unlawful business, provided he did nothing to aid it. In the case of *Armfield* v. *Tate,* 29 N. C. 258, the supreme court of North Carolina held that a vendor's knowledge that property sold was to be used by the purchaser as a residence for his kept mistress does not defeat the right to recover the purchase price. In the case of *Bishop* v. *Honey,* 34 Tex. 252, it was held that knowledge of a mechanic that a house which he builds is to be used as a house of ill fame will not prevent re-

covery for his work. See, also, *Hubbard* v. *Moore,* 24 La. Ann. 591; 12 Law Rep. 128, holding that the seller of furniture is not prevented from recovering the purchase price because of knowledge on his part that it was to be used in a bawdy house. The mere knowledge of the seller of clothing that the purchaser is a prostitute will not defeat his recovery of the purchase price unless he expects to be paid out of the profits of her prostitution or does something in aid of it. *Browry* v. *Bennett,* 1 Camp. 348.

The case of *Hldt* v. *Barton,* 22 Miss. 711, cited above, lays down this rule: "To render a contract illegal, it must grow immediately out of and be immediately connected with the original illegal or immoral act and not founded on a new consideration. A subsequent sale of the subject of an illegal act, after the original act is consummated and a new contract founded thereon, will be valid." And see *Green* v. *Sizer,* 40 Miss. 530.

We call the court's attention also to the case of *Florida Conithan* v. *Royal Insurance Co.,* 91 Miss. 386, as throwing light upon this case, also the case of *Insurance Company* v. *Heidelberg,* 72 So. 852.

For these errors we claim a reversal of the case.

*Hamilton & Hamilton,* for appellees.

The most that can be said against this instruction is that it is ambiguous, and that it is capable of a double meaning. It tells the jury to find for the defendant if the plaintiff fails to prove his case as to any part of the account. And given a reasonable interpretation, the instruction is correct. If the plaintiff proves no item of his account whatever, he fails to establish his case as to any part of the account, and the verdict should be for the defendant. If some items of the account he fails to prove and some he does prove, he does not fail to establish his case at any part of the account, and he is entitled to a verdict for such items as he proves. But if he fails to establish his case "as to any part of the account," mean-

ing thereby, if he fails to prove any item whatever—that is to say, if he proves no item at all—the defendant is entitled to a verdict. Granting that the instruction, when standing alone, is capable of a double meaning and is ambiguous, the ambiguity is cured when read in connection with the other instructions in the case. And this is the way it should be read. "It is familiar learning that all the instructions in any case must be construed together, so as to harmonize them, if reasonably it can be done." *Cumberland Telephone & Telegraph Co.* v. *Jackson,* 48 So. 614, 95 Miss. 79. When this is done, the meaning becomes clear. This instruction was intended simply to set forth the law with reference to the burden of proof.

Defendant's instruction No. 3 plainly tells the jury that they are to find for the plaintiff for such items of the account as he may prove. "The court instructs the jury for the defendant that you are the judges of the facts in this case, and for the correctness or incorrectness of the account, and that if you believe from the evidence that the account is incorrect as stated, it is your duty to find for the defendant, unless it is proven by a preponderance of the evidence that the articles, or some of them were sold and delivered to the defendant, and in that case it is your duty to find for the plaintiff for such articles as he proves were sold and delivered to the defendant and were unpaid for."

Again plaintiff's instruction No. 1 tells the jury that if they believe from the evidence that plaintiff furnished any articles or did any work as shown by the account, it is their duty to find for the plaintiff in such an amount as you may believe from the evidence is still due the plaintiff. "The court instructs the jury that if the plaintiff furnished any articles or did any work as shown by the account sued on that the same were reasonably worth the sum charged therefor on said account and that the same have not been paid for, you will find for the plaintiff in such an amount as you may believe from the evidence is still due the plaintiff."

The interpretation sought to be placed upon this instruction by appellant is unreasonable, and though appellant's counsel makes several statements in his brief that are not supported by the record, nowhere does he even suggest that the court's modification of the instruction was commented upon, or even noticed, at any time during the trial of the case. This instruction could not have misled a jury composed of reasonable men, for appellant's interpretation is against common sense and common knowledge.

In *Mississippi Cent. R. Co.* v. *Hardy*, 41 So. 505, 88 Miss. 732, this court said: "The instruction must be taken as a whole, as one body, and announce, not the law for the plaintiff or the defendant, but the law of the case and, so taken, if they reasonably advise the jury of the true principles applicable to the case made by the facts, that is all that is required as a guide for the twelve plain, practical men who sit in the jury box. Any other view would sacrifice substantial justice in a very large percentage of the cases appealed to this court." *Hitt* v. *Terry et al.*, 46 So. 829 (p. 839), 92 Miss. 671.

We understand the law to be that a vendor of personal property may recover for the purchase price, although he knew the articles were to be used for an unlawful purpose. But a landlord may not recover for rent on a house knowingly leased for a house of prostitution. *C. Mitchell* v. *Blanche Campbell*, 72 So. 231. By which rule of law should this case be controlled? The fixtures, equipment, etc., were actually attached to the house itself and practically became a part of it. Luderbach did not simply sell them to Nellie Stein, as a vendor of personal property does, allowing the vendee to take them and do what she pleases with them. Luderbach actually did the work of installing them in the very house she was then conducting as a house of prostitution. Did he not, under the facts of this case, aid and participate in the unlawful enterprise, when he knew the character of the house, installed the equipment in the house itself, re-

serving legal title to some of the property to secure the payment of the purchase price collecting installments from time to time, knowing all the while the means by which she was raising the money to pay him, actually making the house suitable for the purpose for which it was being conducted. The question, we submit, is not whether such equipment was absolutely necessary in order to conduct the house as a house of prostitution, but it is rather whether such equipment was actually used in aid of the unlawful enterprise and in furtherance of the unlawful purpose, under the facts in this case, equally as much as the landlord who may have knowingly rented her the house?

We respectfully submit that this case was fairly tried, that no reversible error was committed, that the verdict of the jury was right, and that the case should be affirmed.

COOK, P. J., delivered the opinion of the court.

Appellant sued the appellee in the circuit court of Hinds county for an unpaid plumbing bill and for labor and material furnished in the installment of electrical fixtures and for transferring same from one house to another. Appellee interposed two defenses—payment and that the debt sued on was for her use in a house of ill fame.

The verdict of the jury and the judgment of the court was for the defendant, and plaintiff appeals to this court. The first assignment of error is the giving of this instruction, viz.:

"The court instructs the jury for the defendant that the burden of proof is upon the plaintiff, Luderbach, to establish his case by a preponderance of the evidence, and that, if he fails to establish his case by a preponderance of the evidence, as to any part of the account, it is your duty to find for the defendant."

This instruction does not correctly state the law, and this is admitted by counsel for appellee, but it is con-

113 Miss.—31

tended that the error was cured by numerous other instructions given to the jury.

We are of opinion that the instruction was fatal error and cannot be harmonized with the other instructions given by the court. Indeed, it is difficult to understand how the jury could have reached the conclusion that all of the debt sued on had been paid, and it is quite evident that the jury was warranted in believing that plaintiff had not proven some one of the items of his claim, and, believing this, the court had directed a verdict for the defendant. But it is contended that defendant was entitled to peremptory instruction because plaintiff furnished the labor and material to promote the business of prostitution, and therefore the verdict was right.

We do not believe that there is any merit in this contention. This question was presented to this court in a recent case strikingly similar in its facts to the case presented by the present record. See *Insurance Co.* v. *Heidelberg,* 72 So. 852.

*Reversed and remanded.*