## REYNOLDS–WEST LUMBER CO. v. KELLUM.

Circuit Court of Appeals, Fifth Circuit. May 9, 1927.

No. 4994.

**1. Negligence ⬚101—Charge that contributory negligence of employee bars recovery held properly refused (Hemingway's Code Miss. §§ 502, 503).**

In employee's personal injury action, charge that contributory negligence bars recovery of damages *held* properly refused, in view of Hemingway's Code Miss. §§ 502, 503, which requires that damages be diminished in proportion to amount of negligence attributable to injured party.

**2. Appeal and error ⬚273(5)—Exception to charge held insufficient for failure to point out part complained of.**

Exception to charge covering more than one page of printed record, and containing instructions obviously unobjectionable, *held* insufficient for failure to point out part of charge intended to be complained of.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by S. W. Kellum against the Reynolds-West Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Gabe Jacobson and Harden H. Brooks, both of Meridian, Miss., for plaintiff in error.

Marion W. Reily, of Meridian, Miss., and Paul Dees, of Philadelphia, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error against his employer to recover damages for personal injuries resulting from the former, while engaged, in the discharge of a duty assigned to him, in pushing a two-wheeled conveyor, called a dolly, which was loaded with lumber, stepping in a hole of a floor of the building of the employer over which the dolly was being pushed. The injury was attributed to the negligence of the employer in permitting the hole to be in the floor. Upon the conclusion of a charge given by the court in submitting the case to the jury, counsel for the employer stated: "We except to the court not charging the jury that, if the plaintiff was injured while engaged in the service of his usual duties as a servant of the defendant, and he was not using ordinary care and diligence to provide for his own safety, then the defendant is not liable." Thereupon the court gave a further charge to the jury, at the conclusion of which the counsel for the employer stated: "We object and except to that, if your honor please. The danger was so obvious that an ordinary prudent man would have observed it, and the servant cannot negligently, and without the use of ordinary care, step into a hole and cause himself damage."

[1] The first above-stated exception was without merit, as in effect it complained of the omission from the court's charge of an instruction that the employer was not liable if the injured employee was guilty of contributory negligence. Under the Mississippi law (Hemingway's Mississippi Code 1917, §§ 502, 503) the contributory negligence of the plaintiff in such a case as the instant one does not bar a recovery of damages, but requires that the damages be diminished in proportion to the amount of negligence attributable to the person injured.

[2] The other above-stated exception was insufficient, because it failed to point out the part of the additional charge which was intended to be complained of. That additional charge covers more than a page of the printed record, and contains instructions which are obviously unobjectionable. As a whole, certainly it was not subject to exception. From the statement of the ground of the exception under consideration, it may be implied that it was intended to be suggested that the court should charge the jury to find that the plaintiff was guilty of contributory negligence. Under the pleadings and evidence in the case, the questions of the employer's negligence and of the employee's contributory negligence were for the jury. No exception reserved pointed out any reversible error in the court's instructions dealing with those questions, or in any other ruling of the court.

The judgment is affirmed.