## DURRETT *v.* MISSISSIPPIAN RY. Co.

(Division B.   Jan. 28, 1935.   Suggestion of Error Overruled Mar. 11, 1935.) ·

[158 So. 776.   No. 31538.]

**Leftwich & Tubb,** of Aberdeen, for appellant.

900

**I. L. Sheffield,** of Fulton, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant, plaintiff in the trial court, brought an action against appellee railway company charging that a locomotive of the defendant set out a fire which was communicated to the lands of appellant to the great damage of the timber thereon. The case in behalf of the plaintiff was made out by circumstantial evidence, as is usual in such cases, and the evidence was sufficient to sustain a verdict in plaintiff's favor had the jury so decided. The circumstances relied on by plaintiff were

sharply controverted by the proof introduced by the defendant, and therefore the case as developed was one to be decided by the jury upon stoutly disputed issues of fact.

In that situation the court, at the request of the defendant, gave the following instruction: "The court further instructs the jury for the defendant that if after consideration of all the evidence in the case the evidence for the plaintiff and the defendant is evenly balanced or if you are uncertain or in doubt from the evidence in the case how the fire was set out and who set out the fire which was communicated to the lands of the plaintiff, then in either event it is your duty to return a verdict for the defendant." This instruction is obviously erroneous, and, under the state of the evidence, amounted practically to a peremptory charge for the defendant. The case is an ordinary civil action, wherein the plaintiff is not required to prove his facts beyond doubt, but only to prove the ultimate issue by a preponderance of the evidence. An instruction in substantially the same language and in a similar case was condemned as reversible in Mardis v. Railroad Co., 115 Miss. 734, 740, 76 So. 640, and in previous cases.

Appellee argues that the error was cured by other instructions which correctly announced that the appellant was entitled to recover if the evidence preponderated in his favor. Instructions are to be considered together; and, although there may be one or more, which, when separately considered, would be technically erroneous, if nevertheless they may be harmonized with the other instructions in such a manner that it may be safely said that the harmonized result has presented a fairly correct statement of the law applicable to the case, the technical errors will not reverse the verdict and judgment. If we should attempt to harmonize the quoted instruction with the other instructions, we would have the result here that the court has told the jury that the plaintiff would be

entitled to recover if the testimony preponderates in his favor, but that what is meant by a preponderance of the evidence is such weight and quality of proof as shall remove all uncertainty and doubt. Manifestly, the instructions are conflicting or contradictory, and are not capable of being harmonized, as was held in Ellis v. Ellis, 160 Miss. 345, 360, 134 So. 150, which is closely in point upon this question.

There are nineteen other assignments of error, and, since the case is to be retried, we will rule upon the more prominent of the assignments but without comment. Instructions 3 and 4, granted at the request of defendant, should not have been given. The photographs offered by plaintiff should have been received in evidence. The rebuttal testimony of the witnesses, Kentucky Davis and Ben Parish, should have been admitted. The court was correct in excluding the conclusions or statements of opinion made by the agent of the defendant in the course of an attempt to effect a settlement of the case.

Reversed and remanded.