## MAY v. CULPEPPER.

(Division B.   Feb. 15, 1937.)

[172 So. 336.   No. 32593.]

**Colbert Dudley,** of Forest, for appellant.

Frank M. Mize and Joe Sid Mize, both of Forest, for appellee.

**Griffith, J.**, delivered the opinion of the court.

This is an action of ejectment, wherein appellant, the defendant in the circuit court, relied upon adverse possession as a defense. The evidence upon that issue was in conflict to the extent that a peremptory charge for either party would not have been proper and was not requested.

At the request of the plaintiff, appellee here, there was granted by the court the following instruction: "The court instructs the jury that if the occupancy and claim of title asserted by the defendant has been questioned or disputed, then the defendant cannot be given a verdict."

Under the laws of some few states, it is required that the claim of the right of possession must have been undisputed throughout the statutory period; but this element is not a feature of our ten years' adverse possession statute, section 2287, Code 1930, but is wholly absent therefrom, so that it follows that the quoted instruction is materially erroneous. It adds an element not required by the statute, and is, therefore, not in harmony therewith.

Appellee argues that the said instruction granted at his request was cured or nullified by the following instruction given for appellant: "The court instructs the jury for the defendant that if you believe from the evidence that the defendant Rube May has been in the actual uninterrupted, hostile and adverse possession of the land in dispute under claim of right of possesion, title and ownership for more than ten years, then you shall return a verdict for the defendant and this is true regardless of any other facts in this case." Appellee contends that the concluding portion of this instruction not only authorized, but directed the jury to disregard the plaintiff's erroneous instruction if the facts charged upon in this instruction for the defendant were found by the jury to be true.

This contention, in its substantial aspects, has heretofore been ruled upon by the court, and adversely to appellee, in Louisville & N. Railroad Co. v. Cuevas, 162 Miss. 521, at pages 525, 526, 139 So. 397, 398, wherein the court uses the following language: "It is, of course, an axiom of procedure that, if the instructions are reasonably capable of reconciliation, they must all be read and construed together, each as a complement of the other or others. It is essential, however, to the application of the rule relied upon, that the instructions shall be fairly harmonious and consistent; the rule is not available if in a substantial particular the instructions are contradictory or irreconcilable, especially where, as in

this case, the evidence is seriously conflicting. Chapman v. Copeland, 55 Miss. 476, 478; Branson, Inst. to Juries (2 Ed.), sec. 89. And the rule is not available where, as in this case, there is a positive error in an instruction, and another instruction is relied on to strike out or delete or nullify the said error, for this is to admit that the instructions are in conflict, and that it cannot be told which of the two inharmonious instructions the jury followed.''

Reversed and remanded.