PEVEY *v.* ALEXANDER POOL COMPANY, INC.

No. 42289          April 16, 1962          139 So. 2d 847

26

*Floyd & Holleman, Clyde O. Hurlbert,* Gulfport, for appellant.

*Morse & Morse,* Gulfport, for appellee.

RODGERS, J.

This is a damage suit for personal injuries to the appellant, alleged to have been the result of escaping chlorine gas from a chlorinator, which had been installed by the appellee. The suit was filed in the Circuit Court of Harrison County, and from an adverse judgement appellant has appealed to this Court.

The appellant assigns three assignments of error as follows: (1) The trial court erred in admitting certain evidence for the defendant; (2) the verdict of the jury was against the overwhelming weight of the evidence, and indicated bias, passion, or prejudice on the part of the jury; and (3) the trial court erred in granting to the defendant certain instructions Nos. 5, 6, 7 and 8.

After a careful examination of the record, we have come to the conclusion that this case should be reversed for a new trial by another jury, and for that reason we refrain from discussing the weight and worth of the evidence, except that part necessary to point out the

errors in the record requiring reversal. It is therefore not necessary to discuss the second assignment of error.

Appellant objected to the testimony of Mr. Alexander Schultz, President of the defendant-company, Alexander Pool Company, Inc., on the ground that his testimony was either hearsay or opinion evidence. Mr. Schultz was introduced as a witness for the defendant and several exhibits were made a part of his testimony. The first exhibit was a copy of the contract between the Alexander Pool Company and the owner of the Sun-n-Sand Hotel Court. The contractor, appellee here, agreed to install a Paddock Chlorinator, and warranted that its work would be free from defects in material and workmanship for one year from the completion. The manufacturer's installation instructions found in the package containing the chlorinator were then introduced as an exhibit to the testimony of Mr. Schultz. These instructions carried the following notice to the contractor: "The water pressure required is a minimum of thirty pounds or three times the pressure against which the Injector must operate." The witness was then called before the jury and explained from a picture introduced by the plaintiff the various pipes and valves shown in the picture. The witness was asked the question whether or not the instructions furnished by the Paddock Pool Company suggested alternate methods to install the chlorinator. He was then asked: "What are you reading from?" and said "Right from here. I have read this several times to be sure I would state it properly. And that is where the installation was made in the beginning. If I might elaborate further, on this point of application I would just like to state why we selected the suction side of the pump instead of the return line of the pump, or the pressure side of the pump." The witness then testified the connection was thus made because the pressure in the Sun-n-Sand Hotel Court sometimes dropped down to fifteen pounds. He said: "As we observed on the

guage it was felt that we could operate better with the type of water situation by feeding it through the suction side of the pump.'' He had testified that the chlorinator had been inspected by him subsequent to Mr. Pevey's accident after it was installed. The appellant objected to this testimony, and the court said: ''He would know when his men did any work on it. Overrule the objection.'' The witness continued to give hearsay and opinion evidence until finally his attorney said ''I will offer him as qualified.'' A manufacturer's advertisement of a safety valve was then introduced as defendant's Ex. B, on which was shown the following notation: ''Shut off chlorine gas when water pressure is interrupted. Turns on when safe pressure is restored.'' It also shows the operating range from eight pounds low to fifty pounds high. The witness was asked to demonstrate how the water pressure could affect the valve, and upon further objection of the attorney for the plaintiff, the court said in the presence of the jury: ''I thought he testified he constructed these things.'' On cross-examination, this witness admitted that he was not an expert on the principles involved in this chlorinator system, and admitted that although he had installed chlorinators of different types, he had not installed one like the one at the Sun-n-Sand Hotel Court.

 The written advertisement of a manufacturer with reference to how a safety valve will shut off under water pressure is hearsay evidence as being the unsworn statement of an unknown person. See I. C. R. R. Company v. Langdon, 71 Miss. 146, 14 So. 452. This written advertisement should have been excluded. See Metropolitan Life Ins. Company v. McSwain, 149 Miss. 455, 115 So. 555; Miss. Power & Light Company v. Whitescarver, 68 Fed. 2d 928; Blount v. Houston Coca Cola Bottling Company, 184 Miss. 69, 185 So. 241; Tucker v. Donald, 60 Miss. 460.

■■■ The testimony of the witness that he knew no changes were made for "the reason that my employees were not instructed to make any changes, and they reported back to me that they merely assembled the valves" and his testimony based upon the statement made by his employees that: "We all have subordinates that work for us and we have to rely on their work", was hearsay evidence and should have been excluded by the court.

■■■ Our Court has said in the case of Citizens Bank of Coldwater v. Callicott, et al., 178 Miss. 747, 174 So. 78, "It is, of course, familiar learning that hearsay evidence is not admissible."

The general rule for the exclusion of hearsay evidence is found in 20 Am. Jur. 400, Evidence, Sec. 452, as follows: "Hearsay evidence is inadmissible according to the general rule. Various reasons have been assigned for requiring the exclusion of this kind of testimony. The real basis for the exclusion, however, appears to lie in the fact that hearsay testimony is not subject to the tests which can ordinarily be applied for the ascertainment of the truth of testimony. It is said that a statement by hearsay is one made without the sanction of an oath and without the declarant being under a responsibility to answer for the crime of perjury in making a wilfull falsification."

It is also pointed out in this text at p. 403, Sec. 455: "The general rule which excludes hearsay as evidence applies to written, as well as oral, statements. In other words, documentary evidence may be hearsay and inadmissible as such unless an exception to the hearsay rule renders the document admissible."

■■■ Mr. Schultz was offered as an expert witness and he gave his opinion with reference to the assembling of the chlorinator and how it should be applied to the fresh water pipe. He testified as to what the safety valve would do under certain circumstances, and al-

though objection was made to his testimony, it was over-ruled by the court and the witness was offered as an expert. Admission of this testimony of this witness, who later admitted he was not an expert, was an error. See 20 Am. Jur., Evidence, Sec. 765, p. 634: "It is a fundamental principle of the law of evidence as administered by our courts, both in civil and criminal cases, that the testimony of witnesses upon matters within the scope of the common knowledge and experience of mankind, given upon the trial of a cause, must be confined to statements of concrete facts within their own observation, knowledge, and recollection — that is, facts perceived by the use of their own senses — as distinguished from their opinions, inferences, impressions, and conclusions drawn from such facts. Generally speaking, the opinion or conclusion of a witness upon a fact or facts in issue is incompetent and inadmissible * * *

"A witness must ordinarily confine his testimony to matters within his actual knowledge. He cannot, over objection, be asked questions calling for, or permitted to express, his opinion or conclusion upon facts which are in the province of, and are to be determined by, the jury or by the court trying a case without a jury * * *"

The defendant, appellee here, however, argues that if the same facts are afterwards substantially established by proper evidence of the same or similar effect, the admission of improper evidence is harmless. He cites 5A, C. J. S., Appeal and Error, Sec. 1735, p. 1028. It will be noted, however, that the foregoing section points out that in order to effect a cure in such cases, the subsequent evidence must be substantially the same as that improperly admitted, and such error is not cured by the admission of their incompetent evidence duly objected to, even tho such evidence is admitted to counter the prejudicial effect of the improperly admitted evidence. Without going into the testimony of

Jack Cullin Swainer, we must point out that he said: "According to the directions it wasn't enough pressure to operate, but we did operate it with that pressure. * * * We didn't have what we were required to have." It is obvious, therefore, that the testimony of Mr. Schultz was not cured by other testimony. His hearsay testimony was incompetent and the introduction, which was not of his own knowledge, is reversible error.

Instruction No. 5 granted to the defendant and complained of on appeal is as follows: "The court instructs the jury for the defendant that if you are unable to say from the preponderance of the evidence in this case what caused the injuries to the plaintiff on the occasion complained of, then it is your sworn duty to return a verdict for the defendant."

It is said by the appellee that this instruction is taken from Alexander's Mississippi Jury Instructions, Vol. 1, p. 315, and an examination of this authority indicates that the instruction was taken from the case of Miss. Power and Light Company v. Tripp, 183 Miss. 225, 183 So. 514. A careful reading of the foregoing case, however, will show that the above-mentioned instruction was not an issue in that case.

■■■ In the case now before the Court, the granting of Instruction No. 5 is an error, because, the testimony indicates that the accident very probably came about as a result of several causes, and that all, or any one of which, may have contributed to the injury of appellant. ■■ ■ If the alleged negligence of the appellant was not the sole cause of his hurt and injury, and the appellee was guilty of any negligence contributing to the hurt and injury of the plaintiff, the plaintiff was entitled to recover damages for such negligence, if any, of the defendant. It is therefore erroneous to instruct the jury in such a manner as to make it appear to the jury that a single cause must be established as the proximate cause of the accident. For example in logic: Is

it the setting of a trap that causes the injury to the mouse, or the nibbling of the cheese that triggers the action of the trap that causes the injury to the mouse? To say the least, under the facts in this case, the jury would be in a quandary to determine a single cause for the injury. See Durrett v. Mississippian Ry. Company, 171 Miss. 899, 158 So. 776.

■■■ The next instruction complained of by appellant is defendant's Instruction No. 6, the last part of which is as follows: "* * * that the defendant purchased said system from Paddock Pool Company, and assembled the same in a prudent and workmanlike manner; that there were no defects in said system which were or would have been revealed by a thorough inspection thereof, and if you finally believe from a preponderance of the evidence, if any, that at the time the plaintiff was injured, the chlorine system was not handled properly by the plaintiff, you shall find for the defendant." This instruction is erroneous because it directed the jury to find for the defendant if, "the chlorine system was not handled properly by the plaintiff." It is clear that although the system may have been assembled properly, according to the testimony of the witness Jack Cullin Swainer, it may have been necessary to stay and watch the machine run or to return from time to time to observe and check the operation of the chlorinator because it did not have the pressure required to operate properly. The jury, however, is told by this instruction that if the chlorine system was not handled properly by the plaintiff, they should find for the defendant. The granting of this instruction violates Sec. 1454, Miss. Code 1942, Rec., ■■■ because contributory negligence is not a bar to a cause of action in Mississippi. Wallace v. J. C. Penney Co., Inc., 236 Miss. 367, 109 So. 2d 876.

■■■ Moreover, contributory negligence is a question for the jury (Sec. 1455, Miss. Code 1942, Rec.), and an instruction should not be granted, calculated to lead

the jury to believe that a defendant is not liable if the plaintiff is guilty of contributory negligence. See Reynolds-West Lumber Company v. Kellum, 19 F. 2d 72.

■■ Instruction No. 8, complained of by the appellant is as follows: "The Court instructs the jury for the Defendant that if you believe from a preponderance of the evidence, if any, that the Plaintiff's injuries were caused solely by his own negligence you shall find for the Defendant." The appellant argues that this instruction assumes that there was proof in the record that the plaintiff was guilty of negligence, when as a matter of fact there was no evidence introduced from which an inference could be drawn that the plaintiff was guilty of negligence. We do not pass upon this assignment of error at this time, except to point out that all instructions must be based upon testimony introduced in the case.

■■ The appellee, on the other hand argues that Instruction No. 8 cures the alleged error in defendant's instruction No. 6 because, it is said, all of the instructions must be read together and an error in one instruction may be modified and cured by another instruction, on the same rule of law which correctly states the law for the consideration of the jury. The rule that all instructions are read together will not, however, cure an erroneous instruction, where the other instructions embody other facts and do not modify or explain the erroneous instruction, nor will an erroneous instruction be cured by an instruction in conflict with the erroneous instruction. See Ellis v. Ellis, 160 Miss. 345, 134 So. 150; Luberbach Plumbing Company v. Stein, 113 Miss. 475, 74 So. 327; Yazoo & M. R. R. Company v. Hawkins, 159 Miss. 775, 132 So. 742; Alabama & Vicksburg Ry. Company v. Cox, 106 Miss. 33, 63 So. 334; Lipnick v. New York Life Ins. Company, 211 Miss. 833, 52 So. 2d 916; Hill v. Columbus Ice Cream & Creamery Company, 230

Miss. 634, 93 So. 2d 634; May v. Culpepper, 177 Miss. 811, 172 So. 336.

We are of the opinion that Instruction No. 8 does not cure the erroneous instructions granted, and considering all of the errors above pointed out, we are of the opinion that this case must be reversed for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.