## HOGAN, et al. *v.* CUNNINGHAM, et al.

No. 43386 March 1, 1965 172 So. 2d 409

*McKee & McDowell,* Starkville, for appellants.

*Martin & Brown,* Macon, for appellee.

BRADY, TOM P., J.

The appellant, James H. Hogan, brought suit in the Circuit Court of Noxubee County on behalf of himself and his six children, as the heirs at law of his son, Tom Edward Hogan, deceased, against J. B. Cunningham and his son, William W. Cunningham, for the wrongful death of his son, Tom Edward Hogan, alleged to have been caused by the negligent operation of an automobile by William W. Cunningham. Suit was instituted under the provisions of Mississippi Code Annotated section

1453 (1956), as amended. From a verdict in favor of the appellee, the appellant appeals.

The relevant facts in this cause are as follows: Tom Edward Hogan, a young Negro male, twenty-six years of age, had been employed at the cafeteria at Mississippi State University in Starkville, Mississippi for approximately three years. He resided in his father's home located in Starkville. On the morning of March 12, 1962, being a Sunday morning, he proceeded, as was his custom, to walk to work by going out University Drive from Starkville to Mississippi State University, at about the hour of five o'clock A. M. The record discloses that this was the time he customarily left to report for work.

William W. Cunningham, the defendant below, appellee here, is a resident citizen of Noxubee County and resides at the home of his parents. On the date of March 12, 1962, he was enrolled as a student at Mississippi State University. He had obtained the permission and consent of his father to keep, while at the University, a 1959 white Ford Galaxie convertible, which he had registered in the office of the State University. He was at that time a pledge of the S.A.E. Fraternity at the University.

On Friday, March 10, 1962, immediately preceding the date of the formal dance of the S. A. E. Fraternity to be held on the evening of March 11, 1962, William Cunningham, in the company of another student, had obtained from some of the other students a list of whiskeys desired, and make a trip to Jackson, Mississippi in the 1959 Ford Galaxie automobile for the purpose of seeing a dentist. On this trip he purchased, for use at the dance to be held in Columbus, Mississippi, the whiskey which his fellow students had requested him to bring. He testified that he had purchased for himself a fifth of champagne. None of the whiskey or champagne was consumed on the date of March 10, 1962.

On the following day, March 11, 1962, shortly after lunch, William Cunningham picked up the young lady who was his companion for the dance and returned to Starkville, where they proceeded to a party which was held that afternoon. The record discloses that at this party the appellee consumed two or three drinks of intoxicating liquor. The champagne was placed in the automobile of the appellee, and subsequently he proceeded with his enamorata and friends to the dance at Columbus, Mississippi.

The appellee admitted that he consumed four or five glasses of champagne at the dance, which continued until about twelve-thirty A.M. on Sunday morning, March 12. The record shows that he and his companions stayed up until about the hour of four-thirty in the morning, most of which time, according to appellee's testimony, was spent in searching for an elusive Patterson Lake, which is reported to be located somewhere around Starkville, Mississippi.

Around four-thirty in the morning, after taking his girl to the house where she was to spend the night, he went to the apartment of a friend named Lamont Rowe, who was also a student at Mississippi State. The record discloses that he stretched out, with his clothes on, upon a bed in his friend's apartment and slept until about five-thirty. The record is in sharp dispute as to the time in which the subsequent events transpired. However, sometime prior to five-fifty, the appellee, after about one hour's sleep, left Lamont Rowe's apartment, got into his car, and proceeded to drive to Mississippi State University for the apparent purpose of going to his dormitory. According to appellee's testimony, he was traveling at approximately the maximum legal rate of speed of thirty miles per hour, driving out on College or University Drive, from Starkville Main Street to Mississippi State University; that he had reached a point approximately midway, in the vicinity of the Catholic

church, when he saw Tom Edward Hogan running down the sidewalk. The morning was foggy, the pavement was wet, and the automobile and street lights were necessary.

The defendant testified that upon seeing the deceased come out suddenly from between two parked cars on the right-hand side of the street, he swerved his car to the right in trying to avoid striking the deceased, applying his brakes at the same time, but that he sideswiped a parked automobile and struck the deceased. The record discloses that the deceased was thrown against the windshield of appellee's car, breaking it, so that appellee thereafter could not see what occurred to the deceased. The undisputed testimony shows, however, that the deceased was either drug or knocked one hundred and fifty feet, and that his boot was carried or flung an additional sixty-nine feet. The record discloses that the appellee finally stopped his car, got out and walked over to where the deceased was lying and endeavored to talk to him, and asked the deceased, who appeared to be unconscious, if he was all right. The record shows that the appellee recognized the fact the appellant was alive.

The record also shows that the two parked cars were separated by a considerable distance and that the automobile driven by the appellee struck the rear of the first car, sideswiping it with the right side of his car, tearing off the word "Galaxie", which was fastened or embossed in metal upon the right rear fender of the appellee's car; that the right front fender of appellee's car was dented, and the grillwork in the front of appellee's car to the right side had been dented by the impact with the deceased.

The record discloses, according to appellee's testimony, that he got back in his car and went back along the same street, for the alleged purpose of looking for the police. The record shows that he looked down Main Street for one instant at the spot where the police car

is usually parked, but that he did not endeavor to go down the street and contact the police who, the record discloses, were in that neighborhood, and within a few minutes were back at their post beside the police call box located by the Peoples Bank in Starkville, Mississippi, but that he drove again to the apartment of his friend, Lamont Rowe, for the purpose, he said, of locating a telephone. The record discloses, however, that there was no telephone in Lamont Rowe's apartment and that the appellee was familiar with his friend's apartment and had been in the apartment only a few minutes before, and knew that there was no telephone there.

The appellee prevailed upon Lamont Rowe to put on his clothes, and in Lamont Rowe's car they returned to the scene. Appellee testified he did not want to stop; that when they returned to the scene in Rowe's car they saw the police there at the scene, saw the ambulance there, and saw the deceased being loaded into the ambulance; that they went up to the end of the street, turned around, and slowly came back by the scene, passing within five feet of the deceased, but they did not stop, and at no time did the appellee endeavor to contact the police or explain to the police that he was a participant in the wreck which had injured the deceased.

Not only did the appellee not report the accident to any official, but he took his automobile into the state of Alabama, where it was repaired, and returned to the school and remained there for eight days, until the following Sunday, at which time, anticipating detection, he went with his attorney and his father to the sheriff of Oktibbeha County, around twelve o'clock midnight, and advised the sheriff that he was the person who had struck and run over the deceased. The record shows that the appellee was indicted for leaving the scene of an accident, that he pleaded nolo contendere thereto, and paid a fine and court costs for such offense in the

Circuit Court of Oktibbeha County. To the declaration of the appellants, a demurrer was filed by J. B. Cunningham. This demurrer was sustained.

Three errors are assigned by the appellant for which this case should be reversed:

1. The verdict of the jury is contrary to the overwhelming weight of the believable evidence and clearly shows bias and prejudice on the part of the jury.

2. The court erred in refusing to grant instruction No. 2 as requested for the plaintiff.

3. The court erred in granting instruction No. 6 for the appellee.

Insofar as the first error is concerned, appellant concedes that, since a motion for a new trial was not filed and overruled by the circuit court judge, he must acquiesce in the law as is stated by the appellee and, for this reason, appellant cannot now urge this first error for the reason that the lower court was not permitted to pass upon the question of the weight and sufficiency of the evidence. This candid admission on the part of the appellant is based upon the fact that the motion forwarded to the circuit clerk did not arrive in time to be signed and entered upon the minutes of the court at the term at which the case at bar was tried.

It is necessary to consider the third error assigned by the appellant, namely, that the court erred in granting instruction No. 6 for the appellee. We quote instruction No. 6:

THE COURT INSTRUCTS THE JURY FOR THE DEFENDANT, William W. Cunningham, that if you believe from the evidence that the injury and subsequent death of Tom Edward Hogan was proximately caused by the negligence, if any, of said Tom Edward Hogan, then it is your sworn duty to return a verdict for the Defendant.

It is obvious that this instruction standing alone is erroneous and is in conflict with the provisions of the

Mississippi Code Annotated section 1454 (1956), which is as follows:

> *Section 1454. Contributory negligence no bar to recovery of damages—jury may diminish damages.*
>
> In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.

██ ██ It is clear, therefore, in accordance with the provisions of this statute, that contributory negligence on the part of the person injured, the deceased, is not a bar to a recovery if there is negligence proved on the part of the defendant-appellee, but all questions of contributory negligence or comparative negligence should be submitted to the jury for the jury's determination where there is such a question.

 ██ The appellee, apparently realizing the error in this instruction, urges that the error is cured by instructions Nos. 5 and 6, which were granted for appellant, and by instruction No. 5 which was granted for the appellee, and that, reading all these instructions together, there is no substantial basis upon which the jury could have been misled by instruction No. 6 granted the appellee. It is necessary, therefore, for us to consider instructions Nos. 5 and 6 granted to the appellant, and also instruction No. 5 granted to the appellee. Instruction No. 5 granted the appellant is as follows:

> The Court instructs the Jury for the Plaintiff that if you believe from a preponderance of all of the testimony introduced in this case that the said William W. Cunningham was guilty of negligence in that

he was not keeping a proper and lawful lookout for other lawful users of the roadway; or that the said William W. Cunningham was guilty of negligence in that he was driving his automobile at the time and on the occasion complained of at an unlawful and excessive rate of speed; or that the said William W. Cunningham was guilty of negligence in that the visibility was poor, the weather was cloudy and foggy, the roadway was wet and he did not have his automobile under proper control at the time and on the occasion complained of; or that the said William W. Cunningham was driving his automobile at the time and on the occasion complained in an unsafe condition in that he was not physically alert and had been drinking intoxicating liquors; or that the said William W. Cunningham at the time and on the occasion complained of was driving his automobile due to all of the circumstances in a manner other than that which an ordinary, careful, reasonable and prudent person would have done under the same or similar circumstances; if you believe from a preponderance of all of the testimony in this case that the said William W. Cunningham was guilty of any one of the above acts of negligence and that such negligence proximately caused or contributed to the damages and injuries of the plaintiff, then it is your sworn duty to find for the Plaintiff.

This instruction No. 5 simply outlines the various grounds of negligence alleged in appellant's declaration, any one of which, if believed by the jury, required the jury to find for the appellant. This negligence related to the keeping of a proper and lawful lookout, the operation of appellee's automobile at an unlawful excessive rate of speed, the weather conditions and the condition of the road at the time of the accident, and whether the appellee had his automobile under proper control at the time, and also related to the driving of the auto-

mobile by the appellee in an unsafe condition, in that he had been drinking intoxicating liquors and was not physically alert; that the appellee, due to the circumstances, was operating his automobile at the time in a manner other than that which an ordinary careful, reasonable, and prudent man would have done under the same or similar circumstances. This long instruction properly concludes that if the jury believes from a preponderance of all of the testimony that the appellee was guilty of any one of the above acts of negligence, and that such negligence proximately caused or contributed to the damages and injuries of the plaintiff, then the jury should find for the plaintiff. It is to be noted that nowhere in this instruction is there any reference to contributory negligence on the part of the deceased, and therefore the instruction cannot explain or cure the appellee's defective instruction No. 6.

Instruction No. 6 granted the appellant is as follows: The Court instructs the Jury for the Plaintiff that if from a preponderance of all of the testimony in this case you believe that William W. Cunningham was guilty of negligence in that after hitting the deceased plaintiff with his automobile he negligently or willfully or culpably did not render any aid to the plaintiff but left plaintiff knowing him to be injured and that such negligence proximately caused, contributed to or aggravated the existing injuries of the plaintiff, then it is your sworn duty to find for the plaintiff.

This instruction relates to the negligence of willfully leaving the scene of the accident and not rendering aid to the deceased, knowing at the time that the deceased was injured. The jury is instructed in this instruction No. 6 for the appellant that if they believe such negligence proximately caused, contributed to or aggravated the existing injuries of the plaintiff, it was their sworn duty to find for the plaintiff. It is to be noted that this instruction also does not, in any manner whatso-

ever, embody within it any question of contributory negligence on the part of the deceased. Furthermore, it does not relate to the actual negligence in the operation of the automobile prior to the injury and subsequent death, but relates only to negligence on the part of the appellee subsequent to the time of the collision and injury and when the deceased was lying in the road, at which time it was the duty of the appellee to render such aid and assistance as he could, and not leave the scene of the accident.

Finally, we examine instruction No. 5 granted to the appellee, which is as follows:

THE COURT INSTRUCTS THE JURY FOR THE DEFENDANT that the plaintiffs must show by a preponderance of the evidence that William W. Cunningham was guilty of negligence proximately causing or contributing to the injuries, if any, of Tom Edward Hogan, and such negligence cannot be regarded as proven if the evidence merely gives rise to conjecture or suspicion of its existence, and where there is nothing in the record upon which to base a verdict except conjecture, it is not sufficient.

This instruction tells the jury that the plaintiff must prove by a preponderance of the evidence that the appellee was guilty of negligence proximately causing or contributing to the injuries and that such negligence cannot be regarded as proven if the evidence merely gives rise to conjecture or suspicion of its existence, and that where there is nothing in the record upon which to base a verdict except conjecture, it is not sufficient. Again, it is to be noted that instruction No. 5 granted to the appellee does not in any way consider or deal with the question of contributory negligence on the part of the deceased. These three instructions deal solely with the evidence, if any, of which the appellee is guilty, and these instructions advise the jury regarding the proof which is necessary on the part of the appellant.

Stated simply, the instructions state to the jury that it is necessary that the appellants show by a preponderance of the evidence that the appellee was guilty of any one of these specific items of negligence, contributory or otherwise, in order for the appellant to obtain a verdict. There is no merit in the contention that instruction No. 5 explains or cures instruction No. 6, both of which were granted to the appellee. Instruction No. 6 is more misleading when read with No. 5, because No. 5 deals with conjecture or suspicion, carrying the implication of their existence in the case, and instructs the jury that, where there is nothing in the evidence except conjecture or suspicion, such proof is insufficient upon which to base a verdict. Therefore, appellee's instruction No. 6 is uncomplemented by instruction No. 5. No. 6 erroneously states to the jury that if the deceased was guilty of any negligence which proximately caused the injury and death, then the jury must bring in a verdict for the appellee.

We have heretofore said that the rule that all instructions are read together will not cure an erroneous instruction, where the other instructions embody other facts and do not modify or explain the erroneous instruction, nor will an erroneous instruction be cured by an instruction in conflict with an erroneous instruction. These three instructions deal with rules of law completely different from the comparative negligence rule which is considered only in appellee's instruction No. 6. It is therefore apparent that appellant's instructions Nos. 5 and 6, and appellee's instruction No. 5, do not and cannot explain or cure the irreconcilable conflict in appellee's instruction No. 6.

Supreme Court Rule No. 11 does not apply in the case at bar and is of no avail to the appellee.

See Pevey v. Alexander Pool Co., Inc., 244 Miss. 25, 139 So. 2d 847 (1962); Cothern v. Brewer, 234 Miss. 676, 107 So. 2d 361 (1958); Hill v. Columbus Ice Cream

& Creamery Co., 230 Miss. 634, 93 So. 2d 634 (1957);
Lipnick v. New York Life Ins. Co., 211 Miss. 833, 52
So. 2d 916 (1951); May v. Culpepper, 177 Miss. 811,
172 So. 336 (1937); Ellis v. Ellis, 160 Miss. 345, 134 So.
150 (1931); Yazoo & M. V. R. Co. v. Hawkins, 159 Miss.
775, 132 So. 742 (1931); Luderbach Plumbing Co. v.
Stein, 113 Miss. 475, 74 So. 327 (1917); Alabama & Vicksburg Ry. Co. v. Cox, 106 Miss. 33, 63 So. 334 (1913);
Reynolds-West Lbr. Co. v. Kellum, 19 F. 2d 72 (5th
Cir. 1927).

In conclusion, under the record in its present state,
we cannot hold that the trial court erred in refusing
to grant the appellant's instruction No. 2 which was
to find peremptorily for the appellant. The verdict of
the jury in favor of the appellee, Cunningham, is clearly
contrary to the overwhelming weight of the evidence,
but the appellant did not file a motion for a new trial
on the ground that the verdict was contrary to the overwhelming weight of the evidence. Therefore, we have
no ruling of the trial court for review on that particular
point. Brooks v. Sanders, 243 Miss. 46, 49, 137 So. 2d
174 (1962).

For the errors hereinabove stated, the judgment of
the circuit court is reversed and the cause is remanded.

Reversed and remanded.

*Kyle, P. J., and Gillespie, Rodgers and Inzer, JJ.,*
concur.